Dressel -4



# COLLATERAL MORTGAGE

THIS MORTGAGE is made as of November 9, 2023, between Menorah Campus Inc., a New York not for profit corporation with a principal place of business at 2700 North Forest Road Getzville NY 14068 ("Mortgagor"), and Randi C. Dressel, residing at 5011 Williams Street, Lancaster, New York 14086 ("Mortgagee").

1. **Description of Mortgage**

   This mortgage is made to secure the payment of an indebtedness in the sum of Eight Hundred Fifty-four Thousand Seven Hundred Twenty-six and 57/100 ($854,726.57) lawful money of the United States, to be paid in accordance with a certain Settlement Agreement between Mortgagor and Mortgagee bearing even date herewith and executed and delivered simultaneously herewith (the "Agreement").

   Mortgagor hereby mortgages to Mortgagee all that certain piece of land with the buildings and improvements thereon, situated, lying, and being located at the premises described in **Exhibit A** hereto (the "Premises"); and

   Together with all buildings, structures, improvements, fixtures, and articles of personal property affixed to or used in connection with the operation of said premises, to all of which Mortgagor represents that it has title free from any prior liens or encumbrances.

   And the Mortgagor hereby releases and waives all rights under and by virtue of any homestead, stay, appraisement, or exemption laws that may now exist or hereafter be enacted;

   TO HAVE AND TO HOLD the same unto the Mortgagee, the Mortgagee's successors, and assigns, forever as to all property conveyed in fee simple, and, as to leasehold interests in real property, for the unexpired residue of the term of said lease; and as to any other property, absolutely.

   Mortgagor covenants and agrees with Mortgagee as follows:

2. **Payment**

   Mortgagor will pay the indebtedness as provided in the Agreement, and shall continue to be liable for the payments of said indebtedness until it has been paid in full, notwithstanding any action of partial foreclosure that may be brought by the holder of this mortgage to recover any amount or amounts for installments of principal, interest, taxes, assessments, water rates, or insurance premiums.

3. **Insurance**

   Mortgagor will keep the building on the premises insured against loss by fire.

### 4. Improvements and Alterations

No building, structure, or improvement on the premises shall be removed, demolished, or structurally altered in whole or in part without the prior written consent of Mortgagee.

### 5. Acceleration of Indebtedness

The whole of the principal balance of the indebtedness shall immediately become due and payable, at the option of Mortgagee, upon the happening of any of the following:

(a) The removal or demolition of any building on the mortgaged premises or the commission of any waste on the mortgaged premises;

(b) Removal of any fixtures or articles of personal property covered by this mortgage;

(c) Failure of Mortgagor to notify Mortgagee in writing within ten (10) days after any loss or damage caused by fire or other casualty to the mortgaged premises and prior to the making of any repairs thereto, or the refusal of Mortgagor to permit Mortgagee to inspect such loss or damage prior to the making of any repairs;

(e) the sale of the of the premises or the cancelation of Menorah's current contract to sell the Premises to WINNDEVELOPMENT COMPANY LIMITED PARTNERSHIP .

(f) Failure of Mortgagor to pay any installment of the principal on its due date, or of interest within ten (10) days from the date the same becomes due and payable, or of any tax or water rate or assessment within ten (10) days from the date any of them become due and payable;

(g) Failure of Mortgagor to exhibit to Mortgagee within ten (10) days after demand receipted bills showing the payment of all taxes, assessments, water rates, and any other charge which may have become a prior lien on the mortgaged premises, it being understood that such demand shall not be made until after the expiration of the respective grace period mentioned in the preceding paragraphs;

(h) Failure of Mortgagor to maintain the building on the mortgaged premises in a rentable or tenantable state of repair, or to comply with any other order of any municipal or State authority having jurisdiction of the mortgaged premises within two (2) months after the making of any such order.

(i) Sale of substantially all of the assets of or transfer of a controlling interest in Menorah Campus Inc.

### 6. Mortgagee's Right of Possession Upon Default

In the event of any default by Mortgagor hereunder as set forth in Section 6, Mortgagee may take possession of the mortgaged premises and collect all rents thereof which are due or

become due, and apply said rents, after payment of all necessary expenses, on account of the indebtedness secured hereby. Said rents and all leases existing at the time of such default are, in the event of any such default, hereby assigned to Mortgagee as further security for the payment of said indebtedness.

## 7. Receivership

The holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver of the rents and profits of the mortgaged premises without notice and without consideration of the value of the premises or the solvency of any person liable for the payment of the indebtedness.

## 8. Effect of Modification or Extension of Mortgage

The parties hereto, for and on behalf of themselves and their successors in interest, agree that, should any agreement be hereafter entered into modifying, extending, or changing the terms of this mortgage, the rights of the parties to such agreement shall, pursuant to the terms thereof, be superior to the rights of the holder of any subordinate lien, and Mortgagor and any subsequent obligor shall continue to be liable to pay the indebtedness hereby secured and shall be liable on all covenants herein contained.

## 9. Waivers

By accepting payment of any sum hereby secured after its due date, the Mortgagee shall not waive the Mortgagee's right to require prompt payment when due of all other sums so secured, or to exercise any legal rights the Mortgagee may have to collect any unpaid balance of said Indebtedness. If the Mortgagee holds any additional security for any obligation secured hereby, the Mortgagee may enforce the sale thereof, at the Mortgagee's option, either before or contemporaneously therewith, or after the sale is made hereunder, and on any default of the Mortgagor, the Mortgagee may, at the Mortgagee's option, offset against any part of the Agreement secured hereby.

IN WITNESS WHEREOF, the parties have executed this instrument the day and year first hereinbefore written.

Mortgagor:

**MENORAH CAMPUS INC.**

By: **Kenneth A. Rogers**
Its: **Board Chair**

Mortgagee:

*Randi C. Dressel* (signed)
Randi C. Dressel

STATE OF NEW YORK )
 ) SS.:
COUNTY OF ERIE )

On the _____ day of November, 2023, before me, the undersigned, personally appeared Kenneth A. Rogers, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK )
 ) SS.:
COUNTY OF ERIE )

On the 13 day of November, 2023, before me, the undersigned, personally appeared Randi C. Dressel, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

*Lynn M. Sears* (signed)
Notary Public

LYNN M SEARS
NOTARY PUBLIC STATE OF NEW YORK
ERIE COUNTY
LIC. #01SE6140189
COMM. EXP. 01/23/2026

IN WITNESS WHEREOF, the parties have executed this instrument the day and year first hereinbefore written.

                           **Mortgagor:**

                           **MENORAH CAMPUS INC.**

                           _____
                           By: **Kenneth A. Rogers**
                           Its: **Board Chair**

                           **Mortgagee:**

                           _____
                           **Randi C. Dressel**

STATE OF NEW YORK    )
                               ) SS.:
COUNTY OF ERIE        )

On the __9__ day of November, 2023, before me, the undersigned, personally appeared Kenneth A. Rogers, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                       _____
                                       Notary Public

                                       JONATHAN D. SCHECHTER
STATE OF NEW YORK    )                      No 02SC6311202
                               ) SS.:       Notary Public, State of New York
COUNTY OF ERIE        )                     Qualified in Erie County
                                      My Commission Expires Sept. 08, 20__26__

On the _____ day of November, 2023, before me, the undersigned, personally appeared Randi C. Dressel, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                     _____
                                       Notary Public

## Exhibit A

### Premises

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Amherst, County of Erie, and State of New York, being part of Lots Nos. 69 and 75, Township 12, Range 7 of the Holland Land Company's Survey, bounded and described as follows:

BEGINNING at a point in the westerly line of John James Audubon Parkway (as a 160 foot wide road) at its intersection with the south line of a Deed filed in the Erie County Clerk's Office in Liber 9820 of Deeds at page 76; thence westerly along the south line of said Liber 9820 of Deeds at page 76 at a bearing of S 89° 17' 59" W, a distance of 285.00 feet to a point; thence southerly along a line at a bearing of S 00° 42' 01" E, a distance of 302.50 feet to a point; thence northeasterly along a line at a bearing of N 69° 02' 34" E, a distance of 352.36 feet to a point on the said westerly line of John James Audubon Parkway; thence northerly along the said westerly line of John James Audubon Parkway and along a curve to the right having a cord bearing of N 14° 52' 11" W, a radius of 2730.0 feet and an arc distance of 186.20 feet to the point and place of beginning.

TOGETHER WITH the benefits of a Declaration of Covenants, Conditions and Easements for Access, Ingress and Egress, Utility Lines and Parking and Revocable License for Walkway made by Menorah Campus, Inc. and Total Aging In Place Program, Inc. dated September 1, 2013 and recorded September 23, 2013 in Liber 11253 of Deeds at page 4979, as amended by First Amendment to Declaration of Covenants, Conditions and Easements for Access, Ingress and Egress, Utility Lines and Parking and Revocable License for Walkway made by Menorah Campus, Inc. and Total Aging In Place Program, Inc. dated as of March 1, 2014 and recorded April 9, 2014 in Liber 11262 of Deeds at page 6401.

Doc #1138210.1

Case 1-25-10127-CLB, Doc 199-1, Filed 06/27/25, Entered 06/27/25 17:35:17, Description: Exhibit Collateral Mortage Filed 11.24.23, Page 6 of 6