UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

MENORAH CAMPUS, INC., BK 25-10127 CLB

Debtor. DECISION & ORDER

---

ROSA COPLON JEWISH HOME
AND INFIRMARY,

Debtor. BK 25-10132 CLB

---

Gross Shuman P.C.
Kevin R. Lelonek, Esq.,
John K. Rottaris, Esq., of counsel
465 Main Street, Suite 600
Buffalo, New York 14203
Attorneys for Debtors

Mark J. Schlant, Esq.
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
Chapter 11 Trustee

The Glennon Law Firm, P.C.
Lauren Valle, Esq., or counsel
160 Linden Oaks
Rochester, New York 14625
Attorneys for Quest Diagnostics of Pennsylvania, Inc.

Gleichenhaus, Marchese & Weishaar, PC
Scott J. Bogucki, Esq., of counsel
43 Court Street, Suite 930
Buffalo, New York 14202
Attorneys for Erie County Water Authority

Lippes Mathias LLP
Raymond L. Fink, Esq., of counsel
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Attorneys for Foundation for Jewish Philanthropies, Inc.

Office of the U.S. Trustee
Joseph W. Allen, Esq.
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Menorah Campus, Inc., and the Rosa Coplon Jewish Home and Infirmary are not-for-profit corporations that are now being managed by an operating trustee in Chapter 11. The issue before us is whether section 1112© of the Bankruptcy Code allows the trustee to convert these cases to Chapter 7.

On February 6, 2025, Menorah Campus, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. One day later, similar petitions for relief were filed by three subsidiaries: Menorah Campus Independent Senior Apartments, Inc.; Menorah Campus Adult Home, Inc.; and Rosa Coplon Jewish Home and Infirmary. Together, these four corporations had at one time provided a program of comprehensive elder care. In recognition of their affiliations, the debtors requested and this Court directed that the cases be jointly administered.

Prior to filing petitions for bankruptcy relief, the debtors had already started the process of terminating business operations. We need not now recite the details of their activities in Chapter 11. Rather, it suffices to note that residents were being transferred to other facilities. Meanwhile, the debtors purportedly attempted to coordinate an orderly liquidation of assets. These efforts included the collection of receivables, the marketing of real estate, and the sale of a significant art collection and other personal property. Eventually, however, the Office of the United States Trustee discovered serious deficiencies of management. On March 19, 2026, it filed a motion to dismiss the four related cases. In its papers, the United States Trustee identified the following eight grounds: (1) a failure to pay quarterly fees for the quarters that ended in September 2025 and December 2025; (2) a failure to file monthly operating reports; (3) a failure to maintain insurance; (4) a failure to pay post-petition taxes; (5) a failure to file a report of sale regarding the liquidation of personal property; (6) a

failure to advance adequate protection payments to at least one of the secured creditors; (7) gross mismanagement; and (8) continuing losses or diminution in asset value and a lack of rehabilitation. Pursuant to 11 U.S.C. § 333, this Court had previously directed the appointment of a patient care ombudsman. With regard to its assertion of gross mismanagement, the United States Trustee reported that the ombudsman had discovered that squatters had moved into the debtors' uninsured facilities. Someone appeared to be collecting rents that were not identified on any Quarterly Report. Moreover, the Trustee's office understood that responsible officers had failed to monitor the situation and consequently did nothing to address the problem of unauthorized occupation.

In hearings on April 13 and April 20 of 2026, the debtors chose not to contest the assertions of the United States Trustee. After carefully considering the record and arguments of counsel, we found that the movant had established grounds for either the dismissal or conversion of all four cases. However, the Court also learned that Menorah Campus, Inc., and Rosa Coplon Jewish Home and Infirmary were in possession of significant unencumbered and liquid assets. For these two debtors, an order of dismissal might keep control of assets with the same team that was responsible for the debtors' mismanagement. Dismissal, therefore, might jeopardize access to resources for the payment of unsecured claims or, in the event of a surplus, the availability of funds to fulfill the eleemosynary intent of donors.

Having no evidence of any need to administer assets held by either Menorah Campus Independent Senior Apartments, Inc., or Menorah Campus Adult Home, Inc., the Court dismissed both of these cases on April 22, 2026. Pursuant to 11 U.S.C. § 1112©, we were prohibited from converting Menorah Campus, Inc., and Rosa Coplon Jewish Home and Infirmary to Chapter 7, except upon the request of the debtors. When no such request was forthcoming, we instead invited and granted the oral

motion of the United States Trustee to appoint an operating trustee in Chapter 11. *See* 11 U.S.C. § 1104(a).

On April 23, 2026, the Court approved the appointment of Mark J. Schlant to serve as the operating trustee for Rosa Coplon Jewish Home and Infirmary. A similar order was signed in the case of Menorah Campus, Inc., on the following day. After reviewing the facts and circumstances, Trustee Schlant filed a motion on August 18, 2026, to convert both cases to Chapter 7. Due to concerns regarding the application of 11 U.S.C. § 1112©, the Court then scheduled a hearing on the trustee's request. The Office of the United States Trustee now supports conversion, and no one has presented opposition.

Discussion

Section 1112 of the Bankruptcy Code deals with the conversion or dismissal of a case in Chapter 11. As not-for-profit corporations, Menorah Campus, Inc., and Rosa Coplon Jewish Home and Infirmary are subject to the restrictions of 11 U.S.C. § 1112©:

> "The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is . . . a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion."

When the Office of the United States Trustee moved for dismissal in April of 2026, it stated that although grounds otherwise existed for a conversion of these cases, this outcome was allowed only upon the debtor's request. Instead, without opposition, the Court directed the appointment of an operating trustee. The present motion is different, in that the operating trustee is the party who now seeks conversion.

In Chapter 11, unless the Court orders otherwise, "the trustee may operate the debtor's business." 11 U.S.C. § 1108. The operation of the debtor's business inherently includes the decision either to continue regular functions or to pursue an alternative, such as liquidation under Chapter 7. Here, the Court's order of April 21,

2026, directed the appointment of a trustee without any restriction on his authority to conduct operations. Accordingly, the request for conversion by Trustee Schlant must be accepted as a request by the debtors themselves. Pursuant to 11 U.S.C. § 1112(a), subject to exceptions not here relevant, "[t]he debtor may convert a case under [Chapter 11] to a case under chapter 7." Trustee Schlant is empowered to exercise this right and his request for conversion avoids the application of section 1112(c).

The conversion of these cases follows the reasoning of the Supreme Court in *Price v. Gurney*, 324 U.S. 100 (1945). The issue there was whether shareholders could commence a bankruptcy proceeding for a corporation. In rejecting this attempt, the Court stated that "the initiation of the proceedings, like the run of corporate activities, is left to the corporation itself, i.e. to those who have the power of management." 324 U.S. at 104. In the present instance, the power of management now rests with Trustee Schlant. On behalf of the corporations, he is authorized to request their conversion to Chapter 7.

We need not here decide whether a functioning Board of Directors might have been able to challenge or even to countermand the operating trustee's conversion request. At the hearing on this matter, the United States Trustee advised that the directors of the two debtors had resigned. Although they received notice of the hearing, Menorah Campus, Inc., and Rosa Coplon Jewish Home and Infirmary did not oppose conversion. Nor do we discern any equitable grounds to deny relief. The bankruptcy process must always strive to safeguard every legitimate interest, including creditors' right to payment and the expectation of donors for the use of any surplus funds under state law. *Cf. In re Bush Industries, Inc.*, 315 B.R. 292 (Bankr. W.D.N.Y. 2004). By statutory design, a trustee in Chapter 7 is well positioned to handle the liquidation of assets and the proper distribution of proceeds. We therefore accept the

recommendation of Trustee Schlant that a conversion of these cases is most likely to achieve effective administration of their estates.

Conclusion

For the reasons stated herein, the Chapter 11 cases of Menorah Campus, Inc., and Rosa Coplon Jewish Home and Infirmary are converted to Chapter 7.

So ordered.

Dated: September 29, 2026 _/s/ Carl L. Bucki____________________
Buffalo, New York Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.